Scott M. Grace, SBN 236621
Grace Law, APC
1958 Sunset Cliffs Boulevard
San Diego, CA  92101
Phone: (619) 346-4611
Facsimile: (619) 501-8106
sgrace@gracelawapc.com

Attorney for Plaintiff Paul Yoshizumi

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Paul Yoshizumi,<br><br>                               Plaintiff,<br><br>vs.<br><br>Constar Financial Services, LLC; Ally Financial; and Does 1-5.<br><br>                               Defendants. | Case No. 22-cv-1555<br><br>COMPLAINT FOR VIOLATIONS OF:<br><br>• FAIR DEBT COLLECTION PRACTICES ACT<br>• CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT<br><br>DEMAND FOR JURY TRIAL |

Complaint                                                                                    Case # 22-cv-1555

-1-

## I. Introduction

1. Plaintiff Paul Yoshizumi, ("Yoshizumi" or "Plaintiff"), through his counsel, brings this action to challenge the acts of Defendants Constar Financial Services, LLC (hereinafter "Constar") and Ally Financial ("Ally") (collectively, "Defendants") regarding Defendant Constar Financial Services, LLC's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") and the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq*. ("RFDCPA" or "Rosenthal Act"), and Defendant Ally Financial's violations of the California Rosenthal Act, both of which statutes prohibit debt collectors and creditors from engaging in abusive, deceptive and unfair practices.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff or Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Plaintiff is unaware of the true names or capacities, whether individual, corporate, associate or otherwise of the Defendants sued herein as Does 1 through 5, and therefore, sues the Defendants by such fictitious names.

5. Any violations by Defendants were demonstrably knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

## II. JURISDICTION AND VENUE

6. This action arises out of violations by Defendant Constar of the FDCPA under 15 U.S.C. §1692, *et seq,* and the California Rosenthal Act under Cal. Civ. Code §1788, *et seq*, and violations by Defendant Ally of the Rosenthal Act under Cal. Civ. Code §1788, *et seq*.

7. Jurisdiction arises pursuant to 15 U.S.C. §1692(k)(d).

Complaint                                                                                    Case # 22-cv-1555

-2-

8. As Defendants engage in business in the state of California, and committed the acts that form the basis for this suit in the state of California, the Court has personal jurisdiction over Defendants for purposes of this action.

9. Venue is proper pursuant to 28 U.S.C. §1391 as one or more Defendants are located in the Central District and do business in the Central District of California, and some or all of the acts at issue herein occurred in the Central District of California.

### III.  Parties

10. Plaintiff is a natural person residing in Gardena, California, and is a consumer within the meaning of 15 U.S.C. §1692a(3) of the FDCPA in that he is a natural person purportedly obligated to pay a consumer debt, allegedly owed to Toyota Motor Credit Corporation (hereinafter "Debt").

11. Plaintiff is informed and believes that Defendant Constar Financial Services, LLC is and was at all relevant times an Arizona limited liability company and a "person" who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another with its principal place of business located at 10400 N 25th Avenue, Suite 100, Phoenix, AZ 85021, and is therefore a debt collector as that phrase is defined by 15 U.S.C. §1692a(6).

12. Defendant Constar Financial Services, LLC, in the ordinary course of business, regularly, and on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code §1788.2(b), and is therefore a debt collector as that term is defined by California Civil Code §1788.2(c).

13. Plaintiff is informed and believes that Defendant Ally Financial is and was at all relevant times a Delaware corporation with its principal place of business located at 500 Woodward Avenue, Detroit, MI 10005.

14. Defendant, Ally, in the ordinary course of business, regularly, and on behalf of himself, herself, or others, engages in debt collection as that term is defined by Cal. Civ. Code §1788.2(b), and is therefore a debt collector as that term is defined by Cal. Civ. Code §1788.2(c).

## IV. Facts Common to all Claims for Relief

15. On or about August 15, 2020, Plaintiff notified Constar that he was represented by counsel, provided his counsel's contact information to Constar, and requested that all further contact be directed to Plaintiff's counsel.

16. On or about August 31, 2020, Plaintiff's counsel received a letter from Defendant Ally, through its agent Constar, claiming that an account was due and owing to Ally Financial with a total balance of $7,964.20, account number 952794292 ("Account").

17. On September 15, 2020, through his counsel, Plaintiff notified Ally's agent Constar again, by certified mail, that he was represented by counsel in relation to all matters regarding the alleged account and to cease all direct communications regarding the alleged Account.

18. On or about September 27, 2020, Plaintiff's counsel received another letter from Defendant Ally, through its agent Constar, claiming that an account was due and owing to Ally Financial with a total balance of $7,964.20, account number 952794292 ("Account").

19. On or about October 16, 2020, Plaintiff's counsel again confirmed with a Constar representative that the letter of representation mailed on September 15, 2020 was received by Constar and that Plaintiff's counsel's representation of Plaintiff was noted in Defendant Constar's system.

20. On March 10, 2021, despite Constar having knowledge that Plaintiff was represented by counsel, Constar called Plaintiff directly on Ally's behalf in an attempt to collect the alleged debt.

21. By continuing to contact Plaintiff after numerous express notices from Plaintiff and Plaintiff's counsel that Plaintiff was represented by counsel, Defendants caused Plaintiff anxiety and confusion as to whether Defendants refused to honor Plaintiffs request to direct communications to Plaintiff's counsel.

22. By engaging in the foregoing conduct, the natural consequence being harassment of Plaintiff, in connection with the collection of a debt, Defendant Constar violated 15 U.S.C. §1692c and 15 U.S.C. §1692d of the FDCPA and the Cal Civ. Code §1788.17 of the California Rosenthal Act.

23. By engaging in the foregoing conduct, the natural consequence being harassment and oppression of Plaintiff, in connection with the collection of a debt, Defendant Ally violated California Civil Code §1788.17.

24. Plaintiff was harmed by Defendants' conduct because Defendants' improper debt collection practices caused Plaintiff to incur out of pocket expenses attempting to cease the direct communications, and further because Defendants' conduct caused unnecessary anxiety and confusion as to whether Plaintiff's counsel had ceased representation of Plaintiff, and whether or not Defendants refused to honor Plaintiff's request to direct communications regarding collection of the account to Plaintiff's counsel.

## FIRST CLAIM FOR RELIEF
### (Violations of the FDCPA by Defendant Constar)

25. Plaintiff re-alleges and incorporates herein by reference the allegations contained in the paragraphs above.

26. Defendant Constar violated the FDCPA. Defendant's violations include, but are not limited to the following:

a. Communicating with a consumer in connection with the collection of any debt if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, in violation of 15 U.S.C. §1692c.

b. Engaging in behavior the natural consequence of which is to harass, abuse or oppress, or abuse any person in connection with the collection of the alleged debt in violation of 15 U.S.C. §1692d.

27. Plaintiff is entitled to actual damages sustained as a result of Defendant's conduct, including all out of pocket expenses, in an amount according to proof; to statutory damages of $1,000 each; to costs of the action; and to reasonable attorney's fees, all pursuant to *15 U.S.C. §1692k.*

## SECOND CLAIM FOR RELIEF

**(Violations of the California Rosenthal Act by Defendant Constar)**

28. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

29. Defendant Constar violated Cal. Civ. Code §1788.17, which incorporates several of the provisions of the FDCPA, including, but not limited to, the following:

a. Communicating with a consumer in connection with the collection of any debt if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, in violation of 15 U.S.C. §1692c.

b. 15 U.S.C. §1692d by engaging in behavior the natural consequence of which is to harass, abuse or oppress;

30. The violations of Defendant Constar of the Rosenthal Act were willful and knowing, thereby entitling Plaintiff to statutory damages pursuant to Civil Code § 1788.30(b).

31. As a proximate result of the violations of the Rosenthal Act committed by Constar, Plaintiff is entitled to any actual damages pursuant to California Civil Code § 1788.30(a), including all out pocket expenses; statutory damages in an amount up to $1,000.00 each pursuant to California Civil Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c).

## THIRD CLAIM FOR RELIEF
### (Violations of the California Rosenthal Act by Defendant Ally)

32. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

33. Defendant Ally violated Cal. Civ. Code §1788.17, which incorporates several of the provisions of the FDCPA, including, but not limited to, the following:

   a. Communicating with a consumer in connection with the collection of any debt if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, in violation of 15 U.S.C. §1692c.

   b. 15 U.S.C. §1692d by engaging in behavior the natural consequence of which is to harass, abuse or oppress;

34. The violations of Defendant Ally of the Rosenthal Act were willful and knowing, thereby entitling Plaintiff to statutory damages pursuant to Civil Code § 1788.30(b).

35. As a proximate result of the violations of the Rosenthal Act committed by Ally, Plaintiff is entitled to any actual damages pursuant to California Civil Code § 1788.30(a), including all out of pocket expenses; statutory damages in an amount up to $1,000.00 each pursuant to California Civil Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c).

//
//

## PRAYER FOR RELIEF

Plaintiff prays that judgment be entered against Defendants, and prays for the following relief:

*FDCPA Violations by Defendant Constar*

1. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant Constar and for the Plaintiff;

2. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendant Constar and for the Plaintiff;

3. An award of costs of litigation and reasonable attorney's fees against Defendant Constar and for the Plaintiff, pursuant to 15 U.S.C. § 1692k(a)(3);

*California Rosenthal Act Violations by Defendant Constar*

4. An award of actual damages pursuant to California Civil Code § 1788.30(a) against Defendant Constar and for Plaintiff;

5. An award of statutory damages of $1,000.00 pursuant to California Civil Code § 1788.30(b) against Defendant Constar for Plaintiff;

6. An award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c) against Defendant Constar; and

*California Rosenthal Act Violations by Defendant Ally*

7. An award of actual damages pursuant to California Civil Code § 1788.30(a) against Defendant Ally and for Plaintiff;

8. An award of statutory damages of $1,000.00 pursuant to California Civil Code § 1788.30(b) against Defendant Ally for Plaintiff;

9. An award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c) against Defendant Ally; and

10. Such other and further relief this court may deem just and proper.

## JURY DEMAND

1. Plaintiff demands a trial by jury.

Date: March 8, 2022                    /s/Scott M. Grace
                                       Scott M. Grace
                                       Attorney for Plaintiff

Complaint                                                    Case # 22-cv-1555